853 P.2d 631

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Roger Kenneth BRIZENDINE, Defendant–Appellant.**

**No. 19967.**

Court of Appeals of Idaho.

June 1, 1993.

Van G. Bishop, Nampa, for defendant-appellant.

Larry EchoHawk, Atty. Gen. and Myrna A.I. Stahman, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

This is a sentence review case. A jury found Roger Kenneth Brizendine guilty of two counts of first degree arson for setting fire to a vacant house in Caldwell and to an occupied home in Nampa. I.C. § 18–801. The district court sentenced Brizendine to a fixed term of two years for the Caldwell fire. For the Nampa fire Brizendine received a consecutive ten-year sentence requiring a minimum of five years' incarceration. Brizendine appeals from his judgment of conviction, contending that his sentences are excessive. We affirm.

The state's evidence at trial would support facts which we summarize as follows: In March, 1990, Brizendine entered a vacant house in Caldwell and set fire to the carpet. Brizendine later bragged that he had burned the house to get back at a person who owed him money and who failed to pay it. In fact, the intended victim had only been a tenant and the fire did not do extensive damage before it was discovered and put out. After the fire, the landlord allowed the fire department to burn the house completely because of its run-down condition.

In October, 1990, Brizendine set fire to a home in Nampa owned by a woman who lived in the home with her two sons. The evidence showed that Brizendine had been at the home several times because both he and his son were friends of the owner's twenty-year old son. However, before the fire animosity developed between Brizendine and the owner and her son, particularly because of Brizendine's conduct when he had been drinking. On the night of the fire Brizendine and two companions chased the owner's son in an automobile. The chase ended when the owner's son stopped near a parked police officer and reported the incident. Meanwhile, Brizendine and his two companions drove near the owner's home to await her son's return. It was late at night and the woman and her young son were sleeping in the home. Brizendine went to the home, and moved a mattress, tires and a plastic jug against the side of the house. One of his companions testified that Brizendine borrowed his lighter. The

companions walked away after seeing Brizendine flick the lighter and bend down.

The owner of the home testified that she was awakened by her dog barking and discovered the fire. She was able to get her young son out of the house; neither was injured. Her older son returned to find firemen fighting the fire. The house and its contents suffered considerable damage, including the destruction of the kitchen and utility room.

■■■ The maximum sentence for first degree arson specified in I.C. § 18–801 is twenty years.[1] Because Brizendine's sentences are within the statutory maximum, we will not disturb the sentences unless he shows that the district court clearly abused its discretion. *State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989). We may conclude that the court abused its discretion where the sentence is unreasonable. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). The sentence is unreasonable if it is excessive under the facts of the case and in consideration of the four objectives of sentencing: the protection of society, deterrence, rehabilitation, and retribution. *State v. Broadhead,* 120 Idaho 141, 146, 814 P.2d 401, 406 (1991); *see also State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct. App.1982). We treat the fixed portion of the sentences, in this case seven years, as the term of confinement for purposes of review. *State v. Kysar,* 116 Idaho 992, 999, 783 P.2d 859, 866 (1989). We review sentences in light of "the nature of the offense, the character of the offender and the protection of the public interest." *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978) (quoting ABA Standards Relating to Appellate Review of Sentences at 11 (Approved Draft 1968)).

■■ Brizendine cites *State v. Puga,* 111 Idaho 874, 728 P.2d 398 (Ct.App.1986) for the proposition that adequate alcohol and drug abuse rehabilitation opportunities do not exist at the Idaho State Penitentiary. In *Puga,* the appellant argued that the lack of such treatment violated his statutory and constitutional rights. Brizendine does not contend that the lack of alcohol treatment programs violates his rights. However, he contends that because such programs do not exist in prison, the district court abused its sentencing discretion by sentencing him to seven years' fixed incarceration. Brizendine further states that "fixed incarceration should be reserved for the most heightened criminals and offenses." In his brief, Brizendine implies that the most heinous activity he has committed is excessive drinking.

As the district court observed at the sentencing hearing, this was a "very serious case [where Brizendine] set fire to a house having two sleeping occupants." Even though the other fire Brizendine started in Caldwell did not endanger occupants, it was set in a residence as well. Brizendine was convicted of conspiracy in 1982 and petit theft in 1985. The court stated that although this was Brizendine's second felony conviction, even if it were his first, the court would sentence him to incarceration due to the seriousness of the offenses.

Having independently reviewed the record in this case in accordance with the applicable standards, we conclude that the sentences are not excessive and that the district court did not abuse its discretion. The sentences are affirmed.

WALTERS, C.J., and SILAK, Acting J., concur.

---

1. The jury was instructed to find whether or not Brizendine was guilty of "aggravated arson," as defined by I.C. § 18–805. The statute provides for an extended term of imprisonment for a person who, in the course of committing any arson of a structure, "knows or reasonably should know that one or more persons are present therein." I.C. § 18–805(1)(a). Here, the jury found that Brizendine was not guilty of aggravated arson.